**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERDANT HEALTH COMMISSION, DBA Stevens Healthcare, Edmonds, Washington; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ERIC D. HARGAN **, Acting Secretary of the United States Department of Health and Human Services, <br><br> Defendant-Appellee. | No.   15-35797 <br><br> D.C. No. 3:14-cv-05108-RBL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 8, 2017
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      Eric D. Hargan is substituted for his predecessor, Kathleen Sebelius, Department of Health and Human Services. Fed R. App. P. 43(c)(2).

Before:  TALLMAN and WATFORD, Circuit Judges, and BENITEZ,[***] District Judge.

**1.**  The Secretary of Health and Human Services properly excluded patients covered under Washington's Medically Indigent and General Assistance-Unemployable (MI/GAU) programs from plaintiffs' Medicare reimbursements.  In *University of Washington Medical Center v. Sebelius*, we held that MI/GAU populations are not "eligible for medical assistance under a State plan approved under subchapter XIX."  634 F.3d 1029, 1034 (9th Cir. 2011) (quoting 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II)).  Even if "Medicaid money indirectly subsidized the medical treatment received by Washington's GAU and MI populations, their care still does not meet [the] definition of 'medical assistance.'"  *Id.* at 1035.  Our decision in *University of Washington Medical Center* controls the outcome in this case.

Contrary to plaintiffs' argument, *University of Washington Medical Center* is reconcilable with *Portland Adventist Medical Center v. Thompson*, 399 F.3d 1091 (9th Cir. 2005).  To be included in the relevant portion of the Medicare reimbursement calculation, a patient must be "eligible for medical assistance under

---

[***]  The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

a State plan approved under subchapter XIX." 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). In *Portland Adventist Medical Center*, we held that the phrase "eligible for medical assistance" includes patients covered under demonstration projects authorized by the Secretary ("§ 1115 expansion populations"). 399 F.3d at 1096–97. Federal law establishes that the costs for such projects "shall . . . be regarded as expenditures under the State plan." *Id.* at 1096 (quoting 42 U.S.C. § 1315(a)(2)(A)). Because § 1115 expansion populations are deemed to receive medical assistance under a State plan, we held that they must be regarded as eligible for medical assistance under a State plan. *Id.* No similar federal statute governs MI/GAU patients, as Washington retains complete control over those programs. MI/GAU patients are therefore legally distinct from § 1115 expansion populations, even if they share certain characteristics. *See University of Washington Medical Center*, 634 F.3d at 1034–35 & n.6.

**2.** The district court correctly determined that a rational basis supports the Secretary's decision to treat § 1115 expansion populations and MI/GAU populations differently. That the Secretary exerts some amount of control over § 1115 demonstration projects and none over Washington's MI/GAU programs provides a rational basis for treating the populations differently for purposes of Medicare reimbursements.

Plaintiffs' motion to supplement the record is **DENIED**.

**AFFIRMED.**